IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GARY VAUGHN, #1646207 | § | |
| VS. | § | CIVIL ACTION NO. 9:11cv39 |
| WARDEN BUTCHER | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Gary Vaughn, a prisoner confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil complaint pursuant to First, Fifth, Eighth and Fourteenth Amendments, with jurisdiction based on 28 U.S.C. § 1331. He also brought supplemental claims under Texas law. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on March 14, 2011. The Plaintiff is a practicing Muslim inmate. He complained that he has been denied the opportunity to give a Koupa, which is a religious sermon, at the Polunsky Unit. On September 6, 2011, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. A *Spears* hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims.

1

Regional Grievance Supervisor Ginger Lively, Assistant Warden William Modal, Captain Hutto and Chaplain Presley attended the hearing and testified under oath about prison policies and information contained in the Plaintiff's prison records.

As an initial matter, it is noted that the Court ordered the Plaintiff to fill out a standardized § 1983 lawsuit form (docket entry #6). The Plaintiff objected and specified that he was not bringing the lawsuit under either 42 U.S.C. § 1983 or the Religious Land Use and Institutional Persons Act, 42 U.S.C. § 2000cc. *See* docket entry #8. When asked why he did not want to proceed under either of these statutes, the Plaintiff testified that exhaustion was not required.

The Plaintiff testified that he has been denied the opportunity to present a Koupa. He noted that a request to present a Koupa must be submitted to the Islamic coordinator at his unit and approved by the Unit Chaplain, who is under Warden Butcher. Chaplain Presley testified that Chaplain Akbar Shabazz, the Muslim Chaplain, is the person who actually approves a request and that Chaplain Shabazz specified that he would approve the request as long as the paper work was filled out properly.

The Plaintiff also complained that Muslim inmates throughout the unit are not allowed to worship together. Muslim inmates in Eight Building were permitted to worship together, while inmates housed in the A Side portion of the Polunsky Unit were permitted to worship together. The Muslim inmates from both parts of the unit were not allowed to worship all together, although they were permitted to jointly participate in the feast at the end of Ramadan. He specified that there are about 50 Muslim inmates housed on A Side and 8 to 15 inmates housed in Eight Building. He claimed that Christian inmates from the two parts of the unit were permitted to worship together.

Captain Hutto testified that the inmates housed on the A Side part of the unit are minimum custody level inmates. Inmates confined in Eight Building are close custody inmates. None of the

inmates housed in Eight Building are minimum custody level inmates. Inmates housed in close custody and administrative segregation are not permitted to be with minimum custody inmates. Captain Hutto explained that the groups are kept separated for security reasons. He noted that the Plaintiff's custody level was changed from G4 (close custody) to G2 (minimum custody) on July 26, 2011. The Plaintiff was moved from Eight Building to Four Building on A Side at that time.

The Plaintiff also complained that inmates are required to worship in the gym. He argued that the gym is not a place of worship and that there should be a mosque.

Regional Grievance Supervisor Ginger Lively testified that the Plaintiff has not exhausted his administrative remedies. He filed two Step 1 grievances. The first Step 1 grievance was returned because he did not fill out the back page. The second Step 1 grievance was returned because it was untimely. She did not have a record that he ever filed a Step 2 grievance.

The Plaintiff submitted his grievance records with the original complaint. The Step 1 grievance was returned because the grievable time period had expired. A Step 2 grievance was returned because the Step 1 grievance had been returned unprocessed.

<u>Discussion and Analysis</u>

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court subsequently reiterated that exhaustion is mandatory

and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id.* at 83. The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock*, 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. The Fifth Circuit has added, however, that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2009).

The Fifth Circuit has also found that a complaint was properly dismissed for failure to exhaust when an inmate failed to timely file his Step 1 grievance and thereby missed his opportunity to pursue relief. *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. 2009). With respect to the Plaintiff's argument that the exhaustion requirement should not apply to his case because of the way he filed it, the Fifth Circuit has said that the exhaustion requirement applies to all prisoner cases and that "quibbles about the nature of the prisoner's complaint, type of remedy sought, and the sufficiency or breadth of prison grievance procedures were foreclosed by the broad scope of the PLRA." *Hemphill v. Inglese*, 359 Fed. Appx. 537, 539 (5th Cir. 2010) (citations omitted). The Plaintiff did not exhaust his administrative remedies, thus the lawsuit should be dismissed.

The lawsuit should be dismissed for the additional reason that the Plaintiff has not shown a meritorious reason for suing Warden Butcher, the sole defendant in the lawsuit. He sued Warden

4

Butcher because he is over the unit chaplain. The Supreme Court recently held that the term supervisory liability in the context of a civil rights lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Plaintiff does not have a basis for a civil rights lawsuit against Warden Butcher just because he is a supervisor. He has not shown that Warden Butcher personally engaged in misconduct.

In conclusion, the lawsuit fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The federal claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The supplemental state law claims should be dismissed since the federal claims should be dismissed. *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). It is accordingly

**ORDERED** that the Plaintiff's federal claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Plaintiff's supplemental state claims are **DISMISSED** without prejudice. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **September, 2011.**

                                                  JUDITH K. GUTHRIE
                                                  UNITED STATES MAGISTRATE JUDGE